IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

United States of America

v.

Perry Tyrone Wilson,

Defendant.

Cr. No. 3:02-548-CMC

**Opinion and Order**

Defendant seeks relief pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), Defendant is no longer a career offender and should be resentenced. ECF No. 4061. On July 8, 2016, the Government moved to stay consideration of the § 2255 motion pending the decision by the United States Supreme Court in *Beckles v. United States*, No. 15-8544 (2016). ECF No. 4067. The court granted the motion to stay on August 9, 2017. ECF No. 4075. After *Beckles* was decided, the Government filed a response in opposition to Defendant's § 2255 motion and a motion for summary judgment. ECF Nos. 4108, 4109. Defendant filed a response in opposition to the Government's motion for summary judgment on April 27, 2017. ECF No. 4119.

I. **Background**

On January 21, 2003, Defendant was charged in a third superseding indictment with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and § 846; and possession with intent to distribute cocaine, in violation of § 841(a)(1). ECF No. 871. Defendant entered into a written plea agreement on January 30, 2003 (as amended on February 4, 2003) agreeing to plead guilty to count four of the third superseding indictment (possession with

intent to distribute). ECF No. 973. Defendant entered the guilty plea in this court on February 4, 2003. ECF No. 982.

A Pre-Sentence Report (PSR) concluded Defendant was a career offender pursuant to U.S.S.G. §4B1.1(b). The PSR found Defendant's prior convictions for Robbery/Strong Arm Robbery on the same day in 1986, Distribution of Cocaine in 1991, and Assault and Battery of a High and Aggravated Nature ("ABHAN") were predicate convictions for career offender purposes. *See* ECF No. 3876-1, PSR ¶¶ 70, 72, 76. Defendant's guideline range was calculated to be 262-327 months. *Id.* at ¶ 105. There were no objections to the PSR. ECF No. 1890.

On June 16, 2004, Defendant appeared for sentencing. The court granted the Government's motion for downward departure and sentenced Defendant to 210 months' imprisonment and an eight-year term of supervised release. Defendant did not appeal his conviction or sentence. Defendant filed the instant § 2255 motion on June 23, 2016. ECF No. 4061.

**II.** *Johnson* **and** *Beckles*

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257

(2016), holding that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

On March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles*, 580 U.S. __, 137 S.Ct. 886, 890 (2017). Therefore, the residual clause in §4B1.2(a)(2) of the former sentencing guidelines[1] is not void for vagueness. *Id.* at 892.

Defendant was sentenced in 2004, when the guidelines were mandatory. He was not resentenced after *United States v. Booker*, 543 U.S. 220 (2005), which held District Courts have discretion to impose a sentence outside the guideline range based on a review of a wider range of sentencing factors, making the sentencing guidelines advisory, not mandatory.

## III.    Discussion

Defendant argues his *Johnson* claim is not precluded by *Beckles* because his sentence was imposed pursuant to a mandatory guideline range. As noted by Justice Sotomayor, *Beckles* "leaves open the question whether defendants sentences to terms of imprisonment before . . . *Booker* . . . may mount vagueness challenges on their sentences." 137 S. Ct. at 903 n.4. However, even assuming *arguendo* the former residual clause of the career offender guideline would be found void for vagueness in a mandatory guideline setting, Defendant has at least two predicate convictions that qualify him for the career offender enhancement: Strong Arm Robbery/Armed

---

[1] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

3

Robbery and Distribution of Cocaine.[2]  Defendant's drug offense was untouched by the *Johnson* ruling and any application of that reasoning to the career offender guideline.  In addition, the Fourth Circuit has now held that South Carolina robbery is a violent felony under the ACCA.  *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016).

While Defendant's sentence was enhanced pursuant to the career offender guideline, not the ACCA, the Fourth Circuit has treated predicate offenses similarly for both.  *United States v. Carthorne*, 726 F.3d 503, 511 (4th Cir. 2013) ("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B), as the two terms are defined in a substantively identical manner.") (citations omitted).  Therefore, Strong Arm Robbery remains a predicate offense for career offender purposes under § 4B1.2(a)(1).  Accordingly, Defendant has (at least) two qualifying predicate convictions for the career offender enhancement, and is not entitled to relief.

---

[2] Defendant's ABHAN conviction could only qualify as a career offender predicate under the residual clause of the career offender guideline; if Defendant were to prevail on his argument regarding the mandatory guidelines then ABHAN may not qualify as a predicate offense.  *See United States v. Hemingway*, 734 F.3d 323, 335 (4th Cir. 2013) (noting, as to South Carolina common law offense of ABHAN, that the Government "properly concede[d]" that *Johnson 2010* "precludes reliance on the force clause to count ABHAN as an ACCA predicate offense because ABHAN can be committed even if no real force was used against the victim.").  As Defendant has two other qualifying offenses, the court need not reach this issue.

4

## IV. Conclusion

As South Carolina robbery is a crime of violence under § 4B1.2(a)(1), Defendant has at least two predicate offenses as required under the career offender guideline and remains a career offender. Therefore, the Government's motion for summary judgment is granted and Defendant's § 2255 motion is **dismissed**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 9, 2017